UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HAMMOND,

        Plaintiff,

v.

        Case number 05-74098
        Honorable Julian Abele Cook, Jr.

GRAND TRUNK WESTERN RAILROAD,

        Defendant.

## ORDER

On October 26, 2005, the Plaintiff, James Hammond, initiated this cause of action against the Defendant, Grand Trunk Western Railroad, Inc., seeking money damages pursuant to the Federal Employers' Liability Act for the workplace injuries that were sustained by him. On May 1, 2006, Grand Trunk filed a motion, in which it has asked for the entry of a summary judgment.

For the reasons that are set forth below, the Court will deny Grand Trunk's dispositive motion according to the standards of Fed.R.Civ.P. 56.

I.

While working for Grand Trunk in Flint, Michigan, Hammond claims that he was injured after tripping over a railroad tie on December 18, 2002. On March 24, 2003, Hammond filed a document (i.e., "Personal Injury Report") with Grand Trunk, in which he chronicled the injuries that were sustained by him during his December 18th workplace accident.

Grand Trunk disputes the date on which Hammond claims to have suffered his injury by asserting that the accident did not occur on December 18, 2002 as alleged by him. To support its contention, Grand Trunk relies upon the affidavit of a former assistant superintendent, Ron Lord,

who avers that the incident involving Hammond occurred on October 9, 2002.  Grand Trunk also points to photographs of the accident scene that were taken by its risk manager, David Cromie, all of which bear the date of October 9, 2002.  Finally, Grand Trunk asserts that Hammond's "injury as alleged could not have occurred on December 18, 2002, because there were no flat frame cars on the track that day."

In its motion for summary judgment, Grand Trunk also contends that Hammond's law suit is barred by the statute of limitations provision under the Federal Employers' Liability Act.  *See* 45 U.S.C. § 56.

II.

The Supreme Court has held that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses[.]" *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-24 (1986).  At the same time, the terms of Rule 56© provide that a motion for summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."  Here, the burden is on Grand Trunk, as the moving party, to demonstrate the absence of a genuine issue of a material fact.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In assessing a request for the entry of a summary judgment, the Court must examine any pleading, deposition, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party (Hammond).  *See* Fed. R. Civ. P. 56©; *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).  It is the duty of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved

only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At 248.  In the present case, Grand Trunk can show that a genuine factual issue is lacking only if he (1) present such evidence which is sufficient to make the issue "so one-sided that [they] must prevail as a matter of law," *id.* at 252, or (2) point to a failure by Hammond to present evidence that is "sufficient to establish the existence of an element essential to [their] case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

Upon such a showing, Hammond must act affirmatively to avoid the entry of a summary judgment.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of supporting evidence is insufficient.  *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Applying this standard, the issue becomes whether there is a genuine issue of material fact as to whether Hammond filed his lawsuit in a timely manner and within the applicable statute of limitations.

III.

45 U.S.C. § 56 provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."        According to Grand Trunk, this law suit was filed on October 26, 2005 – more than three years after October 9, 2002.  Thus, Grand Trunk argues that Hammond is time barred from pursuing any claims under the

Federal Employers' Liability Act which arise out of this accident. To support its position, the Defendant has proffered (1) the affidavits of Lord and Cromie, both of whom recall the date of Hammond's injuries as having occurred on October 9, 2002, and (2) the photographs of Cromie which bear the same date in October 2002.[1] In his response, Hammond has produced the affidavits of two former fellow employees, Stone and Key, who support his contention that the incident occurred on December 18, 2002.

Viewing the facts in a light that is most favorable to the Plaintiff, the Court believes that there is a genuine issue of a material fact as to whether the injuries, about which Hammond complains, occurred on October 9, 2002 or December 18, 2002. The wide disparity in the parties' respective positions clearly suggests that the members of the jury must be given the opportunity to resolve this factual dispute by weighing the credibility of the several witnesses who will be called upon to address this issue as it pertains to the date of the accident. *See Anderson*, 477 U.S. at 250.

Accordingly and for the reasons that are stated above, Grand Trunk's motion for summary judgment must be, and is, denied.

IT IS SO ORDERED.


Dated:    September 8, 2006                               s/ Julian Abele Cook, Jr.
          Detroit, Michigan                               JULIAN ABELE COOK, JR.
                                                          United States District Court Judge

---

[1] The Defendant also points to its Exhibits (I and J) as evidence that "[t]here were absolutely no flat frame cars on track 16 on December 18, 2002." Reply Br. at 4. However, the Court cannot conclusively determine the validity of the Defendant's claims, as the exhibits are merely a series of numbers and letters which ostensibly have no meaning to the Court.


<u>Certificate of Service</u>

I hereby certify that on September 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk